**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Allen Moore et al., <br><br> Plaintiffs, <br><br> vs. <br><br> The Goodyear Tire & Rubber Company, an Ohio corporation, et al., <br><br> Defendants. | No. CV-11-01174-PHX-NVW <br><br> **ORDER** |

Before the Court is Plaintiffs' "Motion to Dismiss Without Prejudice" (Doc. 11). For the reasons explained below, the Court will grant the motion.

**I.  BACKGROUND**

On June 7, 2010, Plaintiffs' decedents (and certain Plaintiffs themselves) were involved in an accident when a tire on a rented U-Haul truck allegedly blew out, causing the truck to cross the median and strike oncoming cars. The accident occurred in southern Arizona. The Moore and Winters plaintiffs are Arizona residents; the Bourgeois plaintiffs are Louisiana residents.

In July 2010, Plaintiffs brought two nearly identical lawsuits against Defendant U-Haul Company of Arizona (an Arizona corporation, and a subsidiary of Defendant U-Haul International, a Nevada corporation; collectively, "U-Haul") and Defendant Goodyear Tire & Rubber Company, an Ohio corporation, which manufactured the tire in question. Plaintiffs filed these lawsuits in Maricopa County Superior Court, alleging that Goodyear had manufactured a defective tire, and that U-Haul had been negligent in

maintaining the vehicle involved in the crash. Plaintiffs' damages remain non-specific, but they assert (for purposes of the Superior Court's mandatory arbitration exception) that damages will exceed $50,000.

For the next several months, the parties engaged in what appears to be informal discovery, mostly related to inspecting the offending tire and the vehicles involved in the crash. On May 31, 2011, Goodyear was informally advised that Plaintiffs had reached a settlement with U-Haul. On June 2, 2011, the parties had a status conference before the Superior Court, resulting in a minute entry on that court's docket stating: "The Court is advised that Plaintiffs . . . have reached a settlement with . . . U-Haul. The only remaining Defendant . . . in both actions is Goodyear Tire & Rubber Company." (Doc. 1-2 at 2.) On the same day, the Superior Court granted a motion to consolidate the two cases. On June 9, 2011, U-Haul filed a notice of settlement with the Superior Court, stating that "[t]he parties will file stipulations to dismiss [U-Haul] only, with prejudice, . . . in the near future." (Doc. 1-3 at 3 (emphasis in original).)

U-Haul's choice to settle meant that the only Arizona-resident defendant would be leaving the case. Goodyear therefore chose to remove to this Court on June 14, 2011, although the Superior Court had not yet formally dismissed U-Haul from the case.

Plaintiffs have since moved for voluntary dismissal without prejudice. Plaintiffs explain the reason for their motion as follows:

- "Plaintiffs move to dismiss as they analyze their claims in light of the U-Haul's [*sic*] impending dismissal. This analysis includes re-examining the underlying factual circumstances regarding possible claims against other parties." (Doc. 11 at 3.)
- "Now that the Plaintiffs have settled with the U-Haul defendants, the nature of the case has changed and the Plaintiffs simply want time to re-evaluate the case against Goodyear, and to identify any additional defendants who may be responsible." (Doc. 30 at 6.)

U-Haul, in its response, says that it does not object to Plaintiffs' motion except it asks to be dismissed with prejudice in light of its settlement. Goodyear, in its response, objects to Plaintiffs' motion, arguing that Plaintiffs have not met the standard for voluntary dismissal. Goodyear suspects that Plaintiffs are simply attempting to avoid a federal forum, perhaps because Arizona state courts do not follow the *Daubert* standard for expert testimony. Plaintiffs' reply addresses only Goodyear's arguments; it does not address U-Haul's request to be dismissed with prejudice.

## II. SUBJECT MATTER JURISDICTION

Plaintiffs have not challenged this Court's subject matter jurisdiction. However, the Court has an independent duty to ensure it has jurisdiction, especially in cases removed from state court. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Here, the question is whether diversity jurisdiction existed at the time of removal when U-Haul — the non-diverse defendant — had settled with Plaintiffs, but the state court had not entered an order dismissing U-Haul as a party.

If a case is not removable at the outset, a defendant may still remove "within thirty days after receipt . . . through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). Goodyear claims that the June 2 and June 9 filings in state court amount to the needed "order or other paper." No Ninth Circuit authority addresses whether such filings suffice to make the case removable. However, many other courts have concluded that such filings are enough, even though the non-diverse party had not yet been formally dismissed. *See Chohlis v. Cessna Aircraft Co.*, 760 F.2d 901, 903 n.2 (8th Cir. 1985); *Ratcliff v. Fibreboard Corp.*, 819 F. Supp. 584, 587 (W.D. Tex. 1992); *Hessler v. Armstrong World Indus., Inc.*, 684 F. Supp. 393, 395 (D. Del. 1988); *Lesher by Lesher v. Andreozzi*, 647 F. Supp. 920, 922 (M.D. Pa. 1986); *DiNatale v. Subaru of Am.*, 624 F. Supp. 340, 344 (E.D. Mich. 1985); *Erdey v. Am. Honda Co., Inc.*, 96 F.R.D. 593 (M.D. La.), *modified*, 558 F. Supp. 105

(M.D. La. 1983). A minority of cases concludes otherwise, holding that formal dismissal of the non-diverse party is required, but these cases were heavily influenced by unique circumstances such as the need for court approval of the settlement that would otherwise enable removal. *Guerrero v. Gen. Motors Corp.*, 392 F. Supp. 2d 1133, 1135–36 (N.D. Cal. 2005); *Mertan v. E.R. Squibb & Sons, Inc.*, 581 F. Supp. 751, 753 (C.D. Cal. 1980).

Absent such unique circumstances, the first line of authority is more persuasive. This is especially true where § 1446(b)'s absolute one-year limitation is about to expire, as was the case here. Otherwise, a plaintiff might manipulate the settlement to ensure that the non-diverse defendant did not get dismissed until after the one-year deadline has passed. Such gamesmanship is strongly disfavored.

In addition, here, U-Haul has asked this Court to do what the state court did not have time to do — namely, dismiss it from the case. Considering that Plaintiffs did not object to this request, it will be granted.

Accordingly, the June 2 and June 9 docket entries in state court satisfied § 1446(b)'s "order or other paper from which it may first be ascertained that the case is one which is or has become removable" requirement. Goodyear removed on June 14, *i.e.*, within 30 days after receiving the June 2 and June 9 docket entries. Goodyear therefore properly removed. Given that the Court will dismiss U-Haul as a party, complete diversity of citizenship exists. The amount in controversy suffices as well, given that Plaintiffs believe their damages will be at least $50,000, and this case involves the alleged wrongful deaths of three persons and serious injury to several others. Such cases, if successful, are generally known to produce verdicts far in excess of $75,000. Thus, subject matter jurisdiction exists.

### III. PLAINTIFFS' MOTION TO VOLUNTARILY DISMISS

#### A. Legal Standard

If Defendants do not stipulate to dismissal, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "A motion for voluntary dismissal under Rule 41(a)(2) is addressed to

the district court's sound discretion . . . ." *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989).

The principal question when resolving a Rule 41(a)(2) motion is whether the defendant will suffer legal prejudice. "[L]egal prejudice is just that — prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). "[I]n determining what will amount to legal prejudice, courts have examined whether a dismissal without prejudice would result in the loss of a federal forum, or the right to a jury trial, or a statute-of-limitations defense." *Id*. Other factors commonly considered include the defendant's effort and expense involved in preparing for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation of the need to take a dismissal, and the fact that summary judgment has been filed by the defendant. *United States v. Berg*, 190 F.R.D. 539, 543 (E.D. Cal. 1999).

**B. Analysis**

Most of foregoing factors have no application here and therefore need not be discussed in detail. Defendants have not filed a summary judgment motion, nor is the case so far along that dismissal now would mean that the parties' efforts have gone to waste, nor does the record permit a finding that Plaintiffs have engaged in excessive delay or lack of diligence. Further, Defendants would not lose a statute of limitations defense, nor the right to a jury trial.

The "loss of a federal forum" factor, by contrast, appears to strengthen Goodyear's argument, assuming Goodyear correctly surmises Plaintiffs' real intentions for seeking dismissal. But case law elaborating on "loss of a federal forum" indicates that it has no real significance. Indeed, according to the case cited by the Ninth Circuit as an example of "loss of a federal forum" analysis,

> The possibility that plaintiffs may gain a tactical advantage by refiling in state court is insufficient to deny a voluntary motion to dismiss without prejudice, especially when state law is involved. . . .

> \* \* \*
>
> . . . Rule 41(a)(2) provides no guarantee of federal jurisdiction to protect a removed action. Thus, it is not an abuse of discretion for the district court to dismiss an action without prejudice even where the plaintiff's only motive is to recommence the action in state court.

*Am. Nat'l Bank & Trust Co. of Sapulpa v. Bic Corp.*, 931 F.2d 1411, 1412–13 (10th Cir. 1991) (cited by *Westlands*, 100 F.3d at 97).

Thus, even if Plaintiffs are secretly looking for a way back to state court because they perceive a "tactical advantage" by avoiding *Daubert*, Goodyear still does not suffer legal prejudice. Goodyear has been in federal court for a matter of weeks, as opposed to almost a year in state court. The circumstances that have permitted Goodyear to remove — a non-diverse defendant settling out — are fortuitous at best, and do not create any sort of vested right to remain in a federal forum that might never have been available anyway, had events played out differently. *Cf. 103 Investors I, L.P. v. Square D Co.*, 222 F. Supp. 2d 1263, 1271–72 (D. Kan. 2002) (denying Rule 41(a)(2) motion made "on the eve of trial" for purposes of refiling in state court, where *Frye* would apply instead of *Daubert*), *aff'd in relevant part*, 372 F.3d 1213, 1218 (10th Cir. 2004). Accordingly, "loss of a federal forum" does not impose legal prejudice on Goodyear.

One factor remains to be considered — whether Plaintiffs gave an insufficient explanation of the need to take a dismissal. Here, Plaintiffs' explanation is not convincing, but not enough to impose legal prejudice either. "[R]e-examining the underlying factual circumstances regarding possible claims against other parties," "re-evaluat[ing] the case against Goodyear," and "identify[ing] any additional defendants who may be responsible" are all things that Plaintiffs can do while the lawsuit continues. Indeed, Plaintiffs are more likely to identify "possible claims against other parties" with discovery — yet they will give up discovery if they dismiss this case. But the only detriment to Goodyear is the worry of what Plaintiffs might do next. That does not amount to legal prejudice. Plaintiffs' motion will therefore be granted.

Anticipating this outcome, Goodyear alternatively requests that the Court impose "terms," as provided for in Rule 41(a)(2). Specifically, Goodyear wants to recover its fees and costs. "Imposition of costs and fees as a condition for dismissing without prejudice is not mandatory . . . ." *Westlands*, 100 F.3d at 97. "[I]f the district court decides it should condition dismissal on the payment of costs and attorney fees, the defendants should only be awarded attorney fees for work which cannot be used in any future litigation of these claims." *Id*.

Upon consideration of the circumstances, it appears that Plaintiffs have caused Goodyear to waste its time and money in removal proceedings. Plaintiffs' unpersuasive explanations for seeking this dismissal suggest that Goodyear is correct — Plaintiffs probably want to avoid federal court. It seems doubtful that Plaintiffs would have sought voluntary dismissal had the action continued in state court. Moreover, if the settlement with U-Haul has genuinely changed "the nature of the case" (Doc. 30 at 6), warranting a time-out period, Plaintiffs could have forestalled these proceedings by opening a dialogue with Goodyear as soon as the U-Haul settlement came together (as early as May 31). Accordingly, Plaintiffs must reimburse Goodyear for its $350 removal fee and the fees and costs it expended responding to this motion.

IT IS THEREFORE ORDERED that Plaintiffs' "Motion to Dismiss Without Prejudice" (Doc. 11) is GRANTED *with* prejudice as to Defendants U-Haul Company of Arizona and U-Haul International and GRANTED *without* prejudice as to Defendant Goodyear Tire & Rubber Company.

IT IS FURTHER ORDERED that, on or before September 9, 2011, Defendant Goodyear Tire & Rubber Company may file a motion for attorneys fees incurred in responding to Plaintiffs' motion to dismiss. Goodyear's motion for attorneys fees shall be governed by LRCiv 54.2.

IT IS FURTHER ORDERED that, on or before September 9, 2011, Defendant Goodyear Tire & Rubber Company may file a bill of costs claiming the $350 removal

fee, and any taxable costs specifically incurred in responding to Plaintiffs' motion to dismiss. Such a bill of costs shall be governed by LRCiv 54.1.

Dated this 22nd day of August, 2011.

_____
Neil V. Wake
United States District Judge